**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAJID MAHTAB JARARLOU, | Case No.: 26-cv-0659-BJC-DDL |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| CHRISTOPHER LAROSE, et. al. | |
| Respondents. | |

**BACKGROUND**

Petitioner Majid Mahtab Jafarlou, a citizen of Iran, entered the United States on March 2, 2025, and was detained by the Department of Homeland Security ("DHS") the same day. ECF No. 5-1 at 3.; ECF No. 6-2 at 3-6. He was provided a credible fear interview but received a negative determination. *Id*. On March 5, 2025, DHS served Petitioner with a Notice and Order of Expedited Removal. ECF No. 6-2 at 8. He was moved multiple times and, eventually, transferred to Otay Mesa Detention Center. ECF No. 5-1 at 3. On September 17, 2025, Petitioner received a second credible fear interview which also resulted in a negative determination. ECF No. 5-1 at 3; ECF No. 6-1 at 2. The immigration judge affirmed the negative credible fear determination on October 2, 2025.

1

ECF No. 5-2 at 2;  ECF No. 6-2 at 11.

On February 2, 2026, Petitioner, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  This Court appointed counsel and set a briefing schedule on the petition on February 6, 2026.  ECF No. 2.  Petitioner filed an amended petition, through counsel, on February 17, 2026. ECF No. 5.  Respondent filed a return to the petition on February 24, 2026, and Petitioner filed a traverse on March 3, 2026.  ECF Nos. 6, 7.  Finding supplemental briefing appropriate, the Court ordered Respondents to file a supplemental brief addressing the issues raised in Petitioner's traverse.  ECF No. 8.  Respondents filed a supplemental brief on March 9, 2026, and Petitioner filed a response on March 12, 2026.  ECF Nos. 9, 10.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States.  *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner asserts that the six-month period of presumptively reasonable detention expired in September or October 2025, and there is good reason to believe he will not be removed in the reasonably foreseeable future.  ECF No. 5 at 7-10.  Respondents argue Petitioner's claim is barred by 8 U.S.C.  § 1252, and Petitioner has not established there is no significant likelihood of removal in the reasonably foreseeable future.  ECF No. 6 at 3-7.

### I. Jurisdiction

Respondents contend Petitioner's claims arise from the Attorney General's decision to execute removal orders and, therefore, his claims are jurisdictionally barred pursuant §

1252(g).  ECF No. 7 at 4-5.  Congress explicitly divested the court of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  8 U.S.C. § 1252(g).  The provision is read narrowly and does not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders.  *Ibarra-Perez v. United States,* No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999)).  Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders, but are merely collateral to those, are not subject to § 1252(g).  *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492 (1991)).

Petitioner's claim, which challenges his detention as unconstitutionally prolonged, is merely collateral to, but does not arise from the decision to commence and adjudicate proceedings.  *See Nguyen v. Fasano*, 84 F. Supp. 2d 1099, 1104 (S.D. Cal. 2000) ("Petitioners' challenge to their indefinite detention is [ ] distinct from a petition that seeks review of the bond determination itself."); *Alikhani v. Fasano*, 70 F. Supp. 2d 1124, 1126 (S.D. Cal. 1999) ("[A] challenge to the constitutionality of confinement pending deportation does not address any discretionary action by the Attorney General, and "does not implicate the three categories of unreviewable decisions specified in § 1252(g)."); *Diaz-Zaldierna v. Fasano*, 43 F. Supp. 2d 1114, 1117 (S.D. Cal. 1999) ("The propriety of holding petitioner without any possibility of release on bail is distinct from a 'decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders.'").  Accordingly, § 1252(g) does not deprive this Court of jurisdiction to hear Petitioner's claims.

**II.  Merits of the Petition**

Pursuant to § 1231, non-citizens subject to a final order of removal must be detained

26-cv-0659-BJC-DDL

during the removal period.  8 U.S.C. § 1231(a)(1)(A).  The removal period is the ninety days within which the Attorney General must remove an individual ordered removed.  *Id*. The removal period begins on the latest of the following dates: "(i) [t]he date the order of removal becomes administratively final; (ii) [i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; (iii) [i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."  8 U.S.C. §1231(a)(1)(B).

The parties dispute when Petitioner's removal order became administrative final. Petitioner contends it was on March 5, 2025, when the supervisor approved the expedited order of removal.  ECF No. 7 at 2.  Respondents maintain it was on October 2, 2025, when the immigration judge affirmed the asylum officer's credible fear determination for protection under the Convention Against Torture ("CAT").  ECF No. 6 at 2-3.  However, the finality of an order of removal is not affected by withholding-only proceedings or proceedings under CAT.  *Riley v. Bondi*, 606 U.S. 259, 268-272 (2025).  As such, Petitioner's removal period began on March 5, 2025, the date the supervisor approved the expedited order of removal.  *See Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1191 (9th Cir. 2021) (citing 8 C.F.R. § 235.3(b)(7)); ECF No. 6-2 at 8.  The presumptively reasonable period recognized by the Supreme Court in *Zadvydas* has passed.  533 U.S. 678, 701 (2001).  If Petitioner demonstrates "there is no significant likelihood of removal in the reasonably foreseeable future," Respondents must rebut that showing for the detention to remain reasonable.  *Id*.

As noted by Petitioner, he was told that Immigration and Customs Enforcement ("ICE") believed it had lost Plaintiff's passport, and the Iranian government did not have any information about him.  ECF No. 5-1 at 3.  Additionally, ICE has cancelled removal missions to Iran due to the miliary action currently occurring in Iran.  ECF No. 9 at 2. Respondents maintain "efforts to remove Petitioner remain ongoing."  *Id*.  The Court finds that Respondents' "expeditious" work to effect Petitioner's removal does not demonstrate Petitioner's removal is likely to occur in the reasonably foreseeable future.  *See Zadydas*

26-cv-0659-BJC-DDL

533 U.S. at 702 (Rejecting the argument that continued detention is lawful "as long as good faith efforts to effectuate deportation continue."). As such, Respondents fail to rebut the presumption that Petitioner's removal is not likely to occur in the reasonably foreseeable future. Petitioner's ongoing detention is unreasonable and not authorized by statute. Petitioner, therefore, is entitled to release under *Zadvydas*.

Based on the foregoing, the Court ORDERS:

1.      The petition for writ of habeas corpus is GRANTED.

2.      Respondents shall immediately release Petitioner.

3.      Respondents are ENJOINED from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal.

4.      The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  April 9, 2026

Honorable Benjamin J. Cheeks
United States District Judge